## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CHRISTOPHER MAIKISCH
an individual,

                                   Case No.:

     Plaintiff,

v.

SYNCHRONY BANK,
a national association, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

     Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, CHRISTOPHER MAIKISCH (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, SYNCHRONY BANK (hereinafter, "Synchrony") and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter, collectively "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for Synchrony's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 et seq. (hereinafter, the "FCRA") wherein Synchrony improperly credit-reported and subsequently verified objectively-inaccurate information related

1

to a consumer loan account allegedly owed to Synchrony on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian.

2.    More specifically, Synchrony continued to inaccurately report the account    after Plaintiff disputed Synchrony's reporting of such erroneous information directly to Experian.

3.    Furthermore, this is an action brought by an individual consumer for damages for Experian's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 et seq. (hereinafter, the "FCRA") wherein Experian failed to respond to Plaintiff's disputes and improperly credit-reported information related to a credit card account allegedly owed to Synchrony on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian.

## JURISDICTION, VENUE & PARTIES

4.    Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

5.    Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

6.    Venue is proper in this District as the acts and transactions described herein occur in this District.

7.    At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475

2

Anton Boulevard, Costa Mesa, California 92626.

8.     At all material times herein, Synchrony is a national association with its principal place of business located at 170 West Election Road, Suite 125, Draper, UT 8402

## FCRA STATUTORY STRUCTURE

9.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

10.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

12.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

13.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

14.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at §

s-2(b).

15.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **GENERAL ALLEGATIONS**

17.    At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) because he is an individual and was allegedly obligated to pay a debt.

18.    At all material times herein, Synchrony reports information concerning a closed consumer loan account to Experian including but not limited to, a tradeline account related to a credit card account, referenced by account number 798192XXX

(hereinafter, the "Account").

19.    At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

20.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### TERMINATION OF THE DEBT

22.    On or about December 9, 2020, Synchrony filed a lawsuit against Plaintiff in the Seventh Judicial Circuit, Volusia County, Small Claims Civil Division, Case No. 2020-20770-CODL, in which Synchrony alleged Plaintiff owed Synchrony Bank $10,463.00.

23.    On or about February 14, 2023, Synchrony filed a Satisfaction of Judgment in which Synchrony stated that Plaintiff did not owe any more monies to

Synchrony and the Judgment was satisfied and discharged.  A true and correct copy of the Stipulation is attached as **Exhibit A.**

24.   More specifically, Plaintiff settled any amounts due to Synchrony for the amount of $7,151.16.

25.   Effectively, Plaintiff did not owe any further monies to Synchrony as of February 14, 2023.

### PLAINTIFF'S DISPUTES TO SYNCHRONY REGARDING THE ACCOUNT AND SYNCHRONY AND EXPERIAN'S DISPUTE RESPONSES

26.   Before or around April 2023, Plaintiff obtained a copy of his consumer disclosure report from Experian.

27.   Plaintiff noticed that Experian was reporting the Synchrony Account with an amount written off of $10,463.00.

28.   As such, on or about April 4, 2023, Plaintiff sent a dispute letter (hereinafter, "First Dispute Letter") to Experian and informed them of the erroneous reporting.  A true and correct copy of the First Dispute Letter is attached as **Exhibit B.**

29.   More specifically, Plaintiff's First Dispute Letter advised Experian that Plaintiff had settled the Synchrony Account for $7,151.16 and that, as such, at most, $3,695.62 was written off in the settlement. *Id.*

30.   Experian received Plaintiff's First Dispute Letter.

31.    Upon information and belief, Experian failed to convey Plaintiff's First Dispute Letter to Synchrony.

32.    Upon information and belief, Experian failed to investigate Plaintiff's First Dispute Letter.

33.    Experian failed to respond to Plaintiff's First Dispute Letter.

34.    On or about June 27, 2023, Plaintiff sent another dispute letter (hereinafter, "Second Dispute Letter") to Experian and informed them of the erroneous reporting.  A true and correct copy of the Second Dispute Letter is attached as **Exhibit C.**

35.    Experian received Plaintiff's Second Dispute Letter.

36.    Upon information and belief, Experian failed to convey Plaintiff's Second Dispute Letter to Synchrony.

37.    Upon information and belief, Experian failed to investigate Plaintiff's Second Dispute Letter.

38.    Experian sent a letter to Plaintiff, denying Plaintiff's dispute as a third party dispute.

39.    Experian failed to respond to Plaintiff's Second Dispute Letter.

40.    On or about August 17, 2023, Plaintiff sent another dispute letter (hereinafter, "Third Dispute Letter") to Experian and informed them of the erroneous reporting.  A true and correct copy of the Third Dispute Letter is attached as **Exhibit**

**D.**

41.    In response to Plaintiff's Third Dispute Letter, Experian sent a letter to Plaintiff's counsel, stating that the Account was being reported as settled but failing to address the incorrect balance listed as written off.

42.    On or about September 25, 2023, Plaintiff accessed his Experian credit report because he did not receive a proper dispute response letter from Experian. A true and correct copy of the Plaintiff's Experian Credit Report is attached as **Exhibit E.**

43.    Experian was still reporting the Synchrony Account with an amount written off of $10,463.00. *Id.*

44.    Further, Experian failed to notate Plaintiff's report as disputed. *Id.*

## DAMAGES

45.    Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

46.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

47.    As a result of Defendants' conduct, actions, and inactions, Plaintiff was

deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with excess balances written off resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

48.     Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Experian that he made partial payment on the Debt in a settlement, including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

### COUNT ONE:
### FAIR CREDIT REPORTING ACT –
### <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
### (As to Synchrony Only)

Plaintiff re-alleges paragraphs one (1) through forty-seven (48) as if fully restated herein and further states as follows:

49.     Synchrony is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information

regarding the same, and failing to request that Experian update and fix the Account on Plaintiff's credit reports and credit file after investigating Plaintiff's dispute.

50.    As described above, pursuant to the settlement, Plaintiff no longer owed monies to Synchrony as of February 14, 2023.

51.    Despite receiving notice of Plaintiff's disputes from Experian— including the information and documents referenced in the above paragraph— Synchrony willfully and/or negligently failed to request that Experian update the tradeline associated with the Account and continued to report inaccurate, excessive amounts as written off to Experian.

52.    Rather than delete its reporting of the Account after receiving notice of Plaintiff's dispute, Synchrony inaccurately "verified" or "updated" its derogatory reporting of the Account which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit files as maintained by Experian.

53.    Synchrony's refusal to request that Experian update the tradeline associated with the Account was intentionally, willfully, and knowingly done as Synchrony clearly possessed knowledge that the Account was not written off for that amount.

54.    Synchrony's re-investigations were not conducted in good faith.

55.    Synchrony's re-investigations were not conducted reasonably.

56.    Synchrony's re-investigations were not conducted using all information

and documents reasonably available to Synchrony.

57.    As a result of Synchrony's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage hus credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with excessive balances written off, resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

58.    Synchrony's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

59.    Synchrony's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through forty-seven (48) as if fully

restated herein and further states as follows:

60.    Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

61.    Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

62.    Specifically, despite Experian receiving Plaintiff's First Dispute Letter, Experian failed to convey the First Dispute Letter to Synchrony, failed to notate on his report that the Account was disputed, and continued to report the Account with an excessive balance written off, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

63.    Further, Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Experian credit report and credit file.

64.    Such reporting of the Account is false and evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

65.     As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with excessive balances written off, resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

66.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

67.     Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**

Plaintiff re-alleges paragraphs one (1) through forty-seven (48) as if fully restated herein and further states as follows:

68.     Experian is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

69.     Specifically, Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

70.     Overall, Plaintiff's Disputes provided Experian with sufficient information allowing Experian to identify that the Account was not owed, and therefore, should be updated on Plaintiff's credit reports and credit file as maintained by Experian.

71.     Experian did not request any documents from Synchrony corroborating information furnished and verified by Synchrony to Experian regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

72.     As such, Experian's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

73.     Such reporting is false and evidences Experian's failure to conduct

reasonable re-investigations of Plaintiff's repeated disputes.

74.    Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

75.    Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

76.    Experian's reinvestigation procedures are unreasonable.

77.    Experian's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

78.    Experian's reinvestigations were *per se* deficient by reason of these failures in Experian's reinvestigations of Plaintiff's disputes and the Account.

79.    As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with excessive balances written off, resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

80.    Experian actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated

herein.

81.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**

Plaintiff re-alleges paragraph one (1) through forty-seven (48) as if fully restated herein and further states as follows:

82.    Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes.

83.    Experian's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

84.    As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires,

and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

85.    Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

86.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)</u>**

Plaintiff re-alleges paragraphs one (1) through forty-seven (48) as if fully restated herein and further states as follows:

87.    Experian is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

88.    Specifically, despite Experian receiving Plaintiff's Disputes, Experian

18

failed to update the Account on Plaintiff's credit reports and credit files.

89.    Instead, Experian continued to report the Account in Plaintiff's credit reports and files as belonging to Plaintiff.

90.    As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

91.    Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

92.    Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct,

Plaintiff respectfully requests an entry of:

      a.     Judgment against Defendants for maximum statutory damages for violations of the FCRA;

      b.     Actual damages in an amount to be determined at trial;

      c.     Compensatory damages in an amount to be determined at trial;

      d.     Punitive damages in an amount to be determined at trial;

      e.     An award of attorney's fees and costs; and

      f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

      Respectfully submitted,

      **SWIFT LAW PLLC**

      */s/ Jon P. Dubbeld*_____
      **Aaron M. Swift, Esq., FBN 0093088**
      **Jordan T. Isringhaus, Esq., FBN 0091487**
      **Jon P. Dubbeld, Esq., FBN 105869**
      **Sean E. McEleney, Esq., FBN 125561**
      8380 Bay Pines Blvd.
      St. Petersburg, FL 33709
      Phone: (727) 755-3676

Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*